[No. C. D. 3938.   En Banc.   January 10, 1963.]

*In the Matter of the Disciplinary Proceedings Against*
CLEO R. POMEROY, *an Attorney at Law.**

*T. M. Royce*, for Board of Governors.

HUNTER, J.—The Board of Governors of the Washington State Bar Association has recommended for our final disposition that Cleo R. Pomeroy, who is living in Sunnyside, be disbarred from the practice of law in this state. The recommendation was a concurrence and an adoption of the conclusions of the hearing panel.

The respondent was served with a complaint and trial amendment which contained seven items of misconduct. The first of these items involved an insurance draft belonging to one of respondent's clients which respondent received and part of which respondent appropriated to his own use. Representing Mr. Leslie G. Abel, respondent effected a settlement and received an insurance draft therefor in the amount of $2,433.35. Mr. Abel endorsed it and left it with respondent who deposited the draft in his own checking account. It was understood between the two that, after cashing the draft, respondent was to deduct $500 for his

*Reported in 377 P. (2d) 878.

attorney fee, pay Mr. Abel's creditors, and remit the balance to his client. Respondent paid Mr. Abel $1,090 but failed to pay the creditors, keeping the entire balance of $1,335.90 for his own use.

The second item involved a $1,200 warrant which respondent received from the Industrial Insurance Commission as compensation to his client, Mrs. Davis. Respondent obtained Mrs. Davis' endorsement by informing her that there was a "warrant" on the check preventing it from being cashed immediately but that he would do so as soon as possible and pay her her $800 share. Over a month later, Mrs. Davis made several demands upon the respondent for the money. He gave her $100 in cash and several personal checks which, when presented, were refused because of insufficient funds. Mrs. Davis finally attained payment after the respondent was advised that she had gone to the prosecuting attorney and signed a complaint against him.

The third item involved a delay of 6 weeks in turning over money belonging to a client, Mr. Hibbs, which respondent had withdrawn from the registry of the court. As a result of a garnishment, $1,450 belonging to Mr. Hibbs had been placed in the registry. After the action had been settled for $500, respondent withdrew the balance of $950 on November 25, 1960. He told Mr. Hibbs that there had been no settlement. Finally, in December, 1960, Mr. Hibbs called the plaintiff and discovered that the action had been settled a month earlier. On January 4, 1961, respondent gave Mr. Hibbs a check for $900 ($50 deducted for attorney fee) but the payment was refused because of insufficient funds. The check from the county clerk for the money in the registry was cashed by respondent but was not deposited in his account. Mr. Hibbs obtained his money after enlisting the assistance of another attorney.

Item four involved the misappropriation of a $453 income tax refund check for Mr. and Mrs. Goulet, clients, with subsequent reimbursement. The check had been endorsed to respondent. When Mr. Goulet went to get his money, respondent gave him a personal check for $408.96, the amount owing, and told him that the tax refund check had been

deposited in respondent's account. At that time the account was overdrawn and the check was refused because of insufficient funds. The $453 check was never deposited to the account. However, upon subsequent presentment respondent's check was paid.

We deem it unnecessary to discuss the remaining charges of misconduct in view of our determination in this proceeding.

Rule for Discipline of Attorneys 1, RCW Vol. 0, provides:

"An attorney at law may be . . . disbarred for any of the following causes . . . . :

"A. The commission of any act involving moral turpitude, dishonesty, or corruption, whether the same be committed in the course of his relations as an attorney, or otherwise, and whether the same constitutes a felony or misdemeanor or not; and if the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding shall not be a condition precedent to disciplinary action. . . .

" . . .

"J. Violation of the canons of ethics of the profession adopted by the supreme court of the state of Washington."

Canon of Professional Ethics 11, RCW Vol. 0, states:

"The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.

"Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him."

■■ Disbarment is an appropriate disposition of a disciplinary proceeding when there has been a violation of the above rules and canons. *In re Griffin*, 58 Wn. (2d) 149, 361 P. (2d) 569 (1961); *In re Timothy*, 58 Wn. (2d) 153, 361 P. (2d) 642 (1961); see, *In re Carroll*, 54 Wn. (2d) 633, 343 P. (2d) 1023 (1959). The record establishes the facts as set forth above. They support the conclusion that respondent committed acts of dishonesty, appropriated money belonging to his clients, repeatedly commingled trust funds of clients with his own funds and used these sums for his own purposes.

It, therefore, is ordered, that respondent be disbarred from the practice of law in the state of Washington, as recommended by the Board of Governors of the Washington State Bar Association.

FINLEY, C. J., HILL, DONWORTH, WEAVER, ROSELLINI, OTT, and HAMILTON, JJ., concur.